**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MOHAMED LO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | ) | No. 2:26-cv-03450-SHL-ctmp |

**ORDER GRANTING PETITION**

On October 28, 2026, Petitioner Mohammed Lo filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges the legality of his continued immigration-related detention. (Id. at PageID 1.) He seeks immediate release from Respondent's custody. (Id. at PageID 3.) Respondent responded on November 6. (ECF No. 10.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 35.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Lo is a citizen of Mauritania, and it appears he has resided in the United States continuously since he entered in 2023. (ECF No. 1 at PageID 4, 8.) He was arrested at a scheduled check-in with DHS allegedly for "multiple violations of the ATD program."[1]

[1] "ATD" is the Alternatives to Detention program, which allows non-detained immigrants to remain in their communities while ICE monitors compliance with immigration proceedings.

However, Lo contends that he has "complied with every condition of his release for more than three years." (Id. at PageID 9.) He has been detained at the West Tennessee Detention Facility since July 31, 2026. (ECF No. 1 at PageID 4.) He seeks immediate release from Respondent's custody. (Id. at PageID 16.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 10 at PageID 35.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 35–37.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10

---

Respondent does not elaborate on why or how these alleged ATD violations should be considered in the analysis.

(W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 6th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE